**PESQUERA NAVIMAR, S.A.,**
**etc., Plaintiff,**

v.

**ECUATORIANA DE AVIACION, d/b/a**
**Ecuatoriana Airlines, etc., Defendant.**

No. 87–721–Civ EPS.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 17, 1988.

Neal L. Sandberg, Miami, Fla., for plaintiff.

Barry L. Davis, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

SPELLMAN, District Judge.

This CAUSE comes before the Court after oral argument was heard on Defendant's Motion for Summary Judgment.

Plaintiff, PESQUERA NAVIMAR, S.A., an Ecuadorian business association, brought a two count complaint for bailment and breach of contract of carriage against ECUATORIANA DE AVIACION d/b/a ECUATORIANA AIRLINES, an Ecuadorian corporation doing business in Dade County, Florida. Pursuant to a contract of carriage, plaintiff delivered and defendant accepted a quantity of frozen shrimp for shipment to Miami, Florida. Plaintiff alleges that the cargo arrived damaged and as a result, the shipment was rejected by the consignee upon arrival, forcing Plaintiff to resell the shrimp for a substantial loss. It is undisputed that this case arises under the Warsaw Convention, and must therefore be instituted in accordance with its terms and conditions. The issue before the Court on Defendant's Motion for Summary Judgment is whether Plaintiff complied with the notice requirement for damaged goods pursuant to Article 26 of the Warsaw Convention, 49 U.S.C.A. section 1502 note (West 1976).[1] The purpose of the requirement of written notice is to adequately inform the carrier of the nature of damages claimed against it. *See Highlands Insurance Co. v. Trinidad & Tobago (BWIA International) Airways Corp.,* 739 F.2d 536 (11th Cir.1984).

Plaintiff's agent, the land transporter who picked up the goods, made a notation on the air waybill which read: "415 Boxes sof & wet ... temp + 36 degrees Catalina not responsible for damages or temp." The question is whether this notation is sufficient to satisfy the aforementioned notice requirements of the Warsaw Convention.[2] This Court is of the opinion that a notation which states that boxes of frozen shrimp arrived soft and wet, at a temperature of + 36 degrees, and that the agent is not responsible for the damages is notice that the shrimp arrived in a less than perfect condition. Since the purpose of the notice requirement is just that, to give notice, this notation is sufficient notice.

Defendant, in analogizing the instant case to *Highlands* argues that a general notation on an air waybill is insufficient written notice of a complaint and that a general notation was all that was given here. In *Highlands,* a shipper received a shipment of television parts transported by BWIA, the air carrier, from Florida to Port-of-Spain, Trinidad. At defendant's warehouse, the shipper saw defendant's employees throwing his goods from a storage rack to the floor. 739 F.2d at 538. Assuming there was damage to the goods, the shipper discussed the problem with a BWIA employee but no notation of any sort was

---

1. The provisions of the Warsaw Convention at issue here are as follows:

   (1) Receipt by the person entitled to the delivery of baggage or goods without complaint shall be *prima facie* evidence that the same have been delivered in good condition and in accordance with the document of transportation.

   (2) In case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and at the latest, within ... 7 days from the date of receipt in the case of goods....

   (3) Every complaint must be made in writing upon the document of transportation or by separate notice in writing dispatched within the times aforesaid.

   (4) Failing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part. Warsaw Convention Art. 26, 49 U.S.C.A. section 1502 note (West 1976).

2. The only other written notice of damage was a letter addressed to Ecuatoriana dated November 26, 1986. Given that the goods in question were received on October 16, 1986, this letter was untimely.

made on the delivery receipt at that time. *Id.* After visiting the BWIA office in downtown Port-of-Spain, the shipper was informed that the only notation that could be made on the delivery receipt was "lift inoperative." *Id.* Such a notation was duly made, but it only indicated that the goods could not be moved by mechanical means to the floor and had to be brought down by some other way. *Id.* In the case at hand, the notation is obviously not such a general notation because it distinctly indicates that there were damages, and alludes to the kind of damages suffered. The Eleventh Circuit in *Highlands* indicated that "[a] notation of damage to the goods on the delivery receipt would have fulfilled the requirements of article 26(3)." 739 F.2d at 538 n. 3.

Defendant also argues that the deposition testimony of the land transporter who made the notation confirms that his notation referred only to the condition of the outer boxes in which the goods were shipped, that he did not even know if the goods were, in fact, damaged, and that the notation was one ordinarily written on air waybills upon receipt of imported frozen goods. This testimony does not render an otherwise sufficient notation insufficient. It is of no import what the land transporter might have subjectively thought at the time he made the notation; the critical question is did the notation give adequate notice of damage. The notation on the air waybill was sufficient notice within the purview of the Warsaw Convention.[3] Accordingly, it is hereby

ORDERED AND ADJDUGED that Defendant's Motion for Summary Judgment is DENIED.

---

**3.** In so finding, this Court does not reach plaintiff's alternative argument that defendant is estopped from asserting that the written notation provided inadequate notice of damage.